Judge Pechman

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10                                        )
UNITED STATES OF AMERICA,                 )    NO.  C05-1309MJP
11                                        )
              Plaintiff,                   )
12                                        )
              v.                           )    EXPEDITED SETTLEMENT
13                                        )    AGREEMENT
REAL PROPERTY LOCATED AT                  )
14  151 EAST BOUNDARY ROAD,               )
LYNDEN, WASHINGTON, its Buildings,        )
15  Improvements, Appurtenances, Fixtures,  )
Attachments and Easements,                )
16                                        )
              Defendant.                   )
17                                        )
_____  )
18

19         IT IS HEREBY STIPULATED by and between the Plaintiff, United States of America, by

20  and through John McKay, United States Attorney for the Western District of Washington, and

21  Richard E. Cohen, Assistant United States Attorney for said District, and Claimant, HomeStreet

22  Bank, by and through Joseph A.G. Sakay and Jerry N. Evans, its counsel, to compromise and

23  settle claimant's claim with respect to the defendant real property located at 151 East Boundary

24  Road, Lynden, Washington (Exhibit A – hereinafter "the defendant real property") according to

25  the following terms:

26         1.      The parties to this agreement hereby stipulate that to the extent that the defendant

27  real property was used to facilitate the conspiracy to distribute a controlled substance, to wit,

28  marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and 846, as alleged by

1  plaintiff, this occurred without the knowledge or consent of HomeStreet Bank.

2       2.      Plaintiff agrees that upon sale of the defendant real property by the United States

3  Marshals Service pursuant to entry of a Final Judgment of Forfeiture by this court, and after

4  payment of expenses of custody and sale incurred by the United States Marshals Service, which

5  expenses shall not exceed an amount that will result in HomeStreet Bank receiving less than the

6  below-described amounts, the following shall be paid to claimant, HomeStreet Bank from the

7  proceeds of the sale of the defendant real property:

8              a.      All unpaid principal due to HomeStreet Bank in the amount of $43,341.97 as

9  of December 7, 2005, pursuant to the Deed of Trust recorded October 14, 2003, in the official

10  record of Whatcom County, State of Washington, as document #2031003363, and as fully

11  described in the Notice of Claim by HomeStreet Bank on file herein.

12             b.      All unpaid interest in the amount of $827.98 together with interest accruing

13  at a per diem of $7.87 from December 8, 2005, until the date of payment.

14             c.      Reconveyance and recording fees of $85.00, uncollected late charges

15                     $32.02, NSF charges $20.00., attorney's fees and costs $7,126.26.

16       3.      The payment to HomeStreet Bank shall be in full settlement and satisfaction of any

17  and all claims by HomeStreet Bank to the defendant real property named in the above-captioned

18  forfeiture action and all claims, except as specified in paragraph 6 below, resulting from the

19  incidents or circumstances giving rise to this forfeiture action.

20       4.      Upon payment, HomeStreet Bank agrees to assign and convey its security interest

21  to the United States of America via recordable documents and to release and hold harmless the

22  United States, and any agents, servant, and employees of the United States (and any involved

23  state or local law enforcement agencies and their agents, servants, or employees), in their

24  individual or official capacities, from any and all claims by HomeStreet Bank and its agents that

25  currently exist or that may arise as a result of the Government's actions against and relating to the

26  defendant real property.

27       6.      As a part of this settlement, upon signing of this agreement and approval of the

28  agreement by the court, HomeStreet Bank agrees not to pursue any other rights it may have under

EXPEDITED SETTLEMENT AGREEMENT
HOMESTREET BANK- 2 -
C05-1309MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the mortgage instrument, including but not limited to any right to foreclose upon and sell the defendant real property and any right to assess additional interest or penalties.

7.      HomeStreet Bank understands and agrees that by entering into this Expedited Settlement of its interest in the defendant real property, it waives any rights to litigate further against the United States its interest in the defendant real property and to petition for remission or mitigation of the forfeiture.  If this Agreement is approved by the court, then unless specifically directed by an order of the court, HomeStreet Bank shall be excused and relieved from further participation in this action.

8.      HomeStreet Bank understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the United States Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  In the event the United States obtains any such information, the United States Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the Government shall promptly notify HomeStreet Bank of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under Title 28, United States Code, Section 2465.

9.      HomeStreet Bank agrees to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to implement further the terms of this settlement.  Each party agrees to bear its own costs and fees, except as expressly set forth herein.

\\
\\
\\
\\
\\
\\
\\
\\

EXPEDITED SETTLEMENT AGREEMENT
HOMESTREET BANK- 3 -
C05-1309MJP

1        10.    Payment to HomeStreet Bank pursuant to this settlement agreement is contingent

2 upon forfeiture of the defendant property to the United States, the Court's entry of a final

3 judgment of forfeiture, and sale of the defendant property.

4                                        Respectfully submitted,

5                                        JOHN McKAY
                                       United States Attorney

6

7

8 Dated__1/30/06_____           ____/s/ Richard E. Cohen_____
                                     RICHARD E. COHEN

9                                      Assistant United States Attorney
                                     601 Union Street, Suite 5100

10                                      Seattle, Washington 98101-3903
                                     206/553-2242; fax 206/ 553-6934

11                                      Richard.E.Cohen@usdoj.gov

12

13                                Hillis Clark Martin & Peterson, P.S.

14

15 Dated   1/24/06_____          By   _/s/ Joseph A.G. Sakay_____

16                                      JOSEPH A.G. SAKAY, WSBA 24667
                                     Attorney for HomeStreet Bank

17                                      500 Galland Building
                                     1221 Second Avenue

18                                      Seattle, Washington 98101-2925
                                     206-623-1745; 206-623-7789

19                                      jas@hcmp.com

20                                      Hillis Clark Martin & Peterson, P.S.

21

22 Dated   1/24/06_____          By____   /s/ Jerry N. Evans_____

23                                      JERRY N. EVANS, WSBA 31435
                                     Attorney for HomeStreet Bank

24                                      500 Galland Building
                                     1221 Second Avenue

25                                      Seattle, Washington 98101-2925
                                     206-623-1745; 206-623-7789

26                                      jne@hcmp.com

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXPEDITED SETTLEMENT AGREEMENT
HOMESTREET BANK- 5 -
C05-1309MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## ORDER

This Stipulated Expedited Settlement Agreement between the United States of America and HomeStreet Bank is hereby approved.

DATED this _8th day of _____February_____, 2005.

_____
Marsha J. Pechman
U.S. District Judge

Presented by:

__/s/ Richard E. Cohen_____
RICHARD E. COHEN
Assistant United States Attorney
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
206/553-2242; fax 206/ 553-6934
Richard.E.Cohen@usdoj.gov


__/s/ Joseph A.G. Sakay_____
JOSEPH A.G. SAKAY
Attorney for HomeStreet Bank
Hillis Clark Martin & Peterson, P.S.
500 Galland Building
1221 Second Avenue
Seattle, Washington 98101-2925
206-623-1745; 206-623-7789
jas@hcmp.com


__/s/ Jerry N. Evans_____
JERRY N. EVANS
Attorney for HomeStreet Bank
Hillis Clark Martin & Peterson, P.S.
500 Galland Building
1221 Second Avenue
Seattle, Washington 98101-2925
206-623-1745; 206-623-7789
jne@hcmp.com

EXPEDITED SETTLEMENT AGREEMENT
HOMESTREET BANK- 6 -
C05-1309MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**EXHIBIT A**

**LEGAL DESCRIPTION:**

THAT PTN OF LOT 2 NOTEBOOM SHORT PLAT REC BOOK 12 SHORT PLATS PG 5

DAF-TR IN GOVT LOT 4 DAF-BEAP ON N LI OF GOVT LOT 4 528 FT W OF NE COR-TH

W 120 FT-TH S 290 FT-TH E 120 F-TH N 290 FT TO POB

Parcel No. 410331 073317 0000

EXPEDITED SETTLEMENT AGREEMENT
HOMESTREET BANK- 7 -
C05-1309MJP